UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | No. 24-CR-279 (CKK) |
| | : | |
| **ANDREW SETTLES,** | : | |
| | : | |
| **Defendant.** | : | |

### MOTION TO CONTINUE STATUS HEARING

The United States of America agrees to a continuance of the upcoming status hearing, currently scheduled for November 27, 2024. The Court has indicated it has availability on January 7, 2025. The government is available that day.

The government seeks to clarify for the record that the "phone dump," referred to throughout the defense filing is simply a forensic image of the entire contents of the phone seized from the defendant pursuant to Rule 41 at the time of his arrest. Although colloquially referred to as a "phone dump," it is merely an extraction or mirror of the defendant's cell phone.

After imaging the phone to create the extraction, FBI agents first conducted a "filter review" to ensure that no attorney-client privileged information was reviewed by the prosecution team. That process was completed on approximately September 3, 2024. The FBI then conducted a search of the filtered results for evidence authorized to be seized under Attachment B of the search warrant, including, in particular, evidence relating to Settles's criminal activity on and around January 6, 2021. As the government reported to the defense on November 14, 2024, and as was documented in an FBI report provided to the defense on November 20, 2024, the FBI's search of the forensic image of the phone indicated that "no data existed on the device from between 12/20/2020 through 01/09/2021." In other words, the FBI did not locate evidence of the charged offenses on the defendant's cell phone.

The forensic image (or "phone dump") that was made available to the defense is, as noted, simply a copy of the entire contents of Settles's phone. Although the defense is of course free to perform its own search of the materials, the discovery provided to date is of no different quantity or scale from that provided to any other similarly-situated defendant whose cell phone was seized for search by investigators.

The government has extended a plea offer consistent with the plea offers made to similarly-situated defendants, and with an expiration date consistent with similarly-situated defendants and cases handled by the undersigned. At the next status hearing, the government intends to request a trial date, if the case has not been resolved by then.

The government further requests that the Court exclude the time until the next status date pursuant to 18 U.S.C. § 3161 *et seq.,* on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), and for the reasons stated in the defendant's motion to continue.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Aliya Khalidi*
ALIYA KHALIDI
Assistant United States Attorney
MA Bar Number 682400
U.S. Attorney's Office for the District of Columbia
601 D Street, NW
Washington, D.C. 20530
(202) 252-2410
Aliya.khalidi@usdoj.gov

## CERTIFICATE OF SERVICE

On this 21st day of November 2024, a copy of the foregoing was served upon all parties listed on the Electronic Case Filing (ECF) System.

*/s/ Aliya S. Khalidi*
Aliya S. Khalidi
Assistant United States Attorney