UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

ANDREW SETTLES,

Defendant.

Criminal Action No. 24-279 (CKK)

**MEMORANDUM OPINION & ORDER**
(January 23, 2025)

**I.**

The Government charged Defendant Andrew Settles by information with four misdemeanor counts for his alleged conduct during the riot at the United States Capitol on January 6, 2021:

- Count One: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Count Two: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

- Count Three: Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D); and

- Count Four: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

*See* Information, ECF No. 6.

Settles was arraigned on these charges in June 2024 and entered a plea of "not guilty" as to each count. Min. Entry (June 13, 2024). In November 2024, while engaging in plea negotiations, the Government completed its production of discovery to Settles. *See* Def.'s Mot. to Continue, ECF No. 30. Since then, the Court has continued proceedings in this matter at Settles's request to allow him, his counsel, and his retained expert time to review the Government's

1

productions. *See id.*; Def.'s Mot., ECF No. 33; Min. Order (Nov. 22, 2024); Min. Order (Jan. 12, 2025). Settles is scheduled to appear for a status conference on February 20, 2025 to pick a trial date and put the Government's plea offer—which Settles has rejected—on the record. *Id.*

## II.

On January 21, 2025, the Government moved to dismiss the Information with prejudice under Federal Rule of Criminal Procedure 48(a). Gov't's Mot. to Dismiss, ECF No. 35. As the "reason for this dismissal," the Government cites an as-yet unnumbered presidential Proclamation titled "Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." *Id.* That Proclamation, in relevant part, "direct[s] the Attorney General to pursue dismissal with prejudice to the Government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S. The Court ordered Settles to respond to the Government's motion. Min. Order (Jan. 23, 2025). And Settles reported that he "has no objection to the Government's motion." Def.'s Resp., ECF No. 36.

By its terms, Rule 48(a) allows the Government, "with leave of court" to "dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The Court must therefore consider whether to grant its leave to dismiss this case. *See United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that the "requirement of judicial leave" in Rule 48 "gives the court a role in dismissals following indictment," even when "the defendant concurs in this dismissal"); *United States v. Flynn*, 507 F. Supp. 3d 116, 126–31 (D.D.C. 2020) (EGS) (analyzing the scope of a trial court's discretion under Rule 48(a)); *see also Rinaldi*, 434 U.S. at 30 n.15 (noting that Rule 48 "obviously vest[s] some discretion in the court" without deciding whether that discretion extends

to cases in which the defendant consents to dismissal).  To inform this analysis, the Court may "require a statement of reasons and underlying factual basis" for the Government's motion to dismiss.  *See Ammidown*, 497 F.2d at 620.

Here, the Government's only stated reason for pursuing dismissal with prejudice is that the President has ordered the Attorney General to do so.  *See* Gov't's Mot. (citing Unnumbered Proclamation, __ Fed. Reg. ____ (Jan. 20, 2025), https://perma.cc/W4NT-4K4S).  On the record before it, the Court does not discern any defect in either the legal merits of, or the factual basis for, the Government's case that would require dismissal.  But recognizing that "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case," the Court shall not require a further explanation here.  *See United States v. Nixon*, 418 U.S. 683, 693 (1974).

**III.**

Dismissals of charges, pardons after convictions, and commutations of sentences will not change the truth of what happened on January 6, 2021.  What occurred that day is preserved for the future through thousands of contemporaneous videos, transcripts of trials, jury verdicts, and judicial opinions analyzing and recounting the evidence through a neutral lens.  Those records are immutable and represent the truth, no matter how the events of January 6 are described by those charged or their allies.

What role law enforcement played that day and the heroism of each officer who responded also cannot be altered or ignored.  Present that day were police officers from the U.S. Capitol Police and those who came to their aid when called: the D.C. Metropolitan Police Department, Montgomery County Police Department, Prince George's County Police Department, Arlington County Police Department, and Fairfax County Police Department.  Grossly outnumbered, those law enforcement officers acted valiantly to protect the Members of Congress, their staff, the Vice

President and his family, the integrity of the Capitol grounds, and the Capitol Building—our symbol of liberty and a symbol of democracy around the world. For hours, those officers were aggressively confronted and violently assaulted. More than 140 officers were injured. Others tragically passed away as a result of the events of that day. But law enforcement did not falter. Standing with bear spray streaming down their faces, those officers carried out their duty to protect.

All of what I have described has been recorded for posterity, ensuring that what transpired on January 6, 2021 can be judged accurately in the future.

* * *

In light of the foregoing, it is hereby **ORDERED** that:

- The Government's [35] Motion to Dismiss is **GRANTED**;

- The [6] Information is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Criminal Procedure 48(a);

- All scheduled deadlines and proceedings, including the February 20, 2025 plea hearing, are **VACATED**;

- The [12] Order Setting Conditions of Release is **VACATED**; and

- All other pending motions are **DENIED AS MOOT.**

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: January 23, 2025

_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge